UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILFREDO ALARCON PINEDA and MARIA CARMEN PINEDA, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION H-12-356 |
| COUNTRYWIDE HOME LOANS, INC. and BANK OF AMERICA, N.A., | § § § § | |
| *Defendants*. | § § | |

### ORDER

Pending before the court is defendants Countrywide Home Loans, Inc. ("Countrywide") and Bank of America, N.A.'s ("Bank of America") (collectively, "Defendants") motion to dismiss with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 3. Plaintiffs Wilfredo Alarcon Pineda and Maria Carmen Pineda (collectively, "the Pinedas") have not responded to the motion and the court therefore relies only on their amended state court petition. Upon consideration of the motion and the applicable law, Defendants' motion to dismiss is GRANTED.

### I. BACKGROUND

In their second amended original petition, the Pinedas allege wrongful foreclosure under the Texas Property Code and Texas case law. Dkt. 1, Ex. A at 44. In particular, the Pinedas bring this action to recover approximately $60,000.00 each, totaling $120,000.00, and other damages resulting from their loss of property interests. *Id.* at 49. The Pinedas were involved in a Chapter 13 bankruptcy case when they received a notice from Countrywide of acceleration of their loan and a "Notice of Substitute Trustee Sale." *Id.* at 46. The Pinedas continued to make payments through the Uniform Plan of the bankruptcy case as approved by the bankruptcy judge, and those payments

were received and cashed by Countrywide. *Id.* at 47. Countrywide was aware of the Pinedas' bankruptcy case and the continued payments at the time of the notices of acceleration and foreclosure. *Id.* The Pinedas received assurances from Countrywide that the foreclosure sale would be pulled to allow for a solution in the bankruptcy court. *Id.* at 48. However, the property was foreclosed and sold at auction on November 7, 2006, while the bankruptcy was still pending. *Id.* The Pinedas then filed a petition claiming wrongful foreclosure and entitlement to recovery under the Texas Property Code. *Id.* at 5. They attempted to serve Countrywide on November 10, 2008, and June 23, 2009, resulting in a rejection of service on November 7, 2011. Because service had not been completed in nearly five years from when the cause of action arose, the Pinedas were notified on October 28, 2011, that their case would be placed on the Civil Dismissal Docket without further action on their part. Dkt. 1, Ex. A. However, the Pinedas then moved the court to retain their case on the dockets and finally effected service on Defendants on January 10, 2012. *Id.* Defendants then removed the case to federal court and now seek dismissal of the Pinedas' claim. Dkts. 1 & 3.

## II. ANALYSIS

Defendants move to dismiss under Rule 12(b)(6) because the Pinedas' claims are barred by the statute of limitations and they failed to sufficiently plead the elements of a wrongful foreclosure claim.

**A.    Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) allows dismissal if a plaintiff fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6); *Ashcroft v. Iqbal*, 566 U.S. 662, 129 S. Ct. 1937, 1949 (2009). In considering 12(b)(6) motions, courts accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). Except in certain situations not present here, the court

does not look beyond the face of the pleadings when determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). In order to survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, 127 S. Ct. 1955 (2007).

**B.     Statute of Limitations**

Under Texas Law, the statute of limitations for a wrongful foreclosure claim is four years. *Gonzalez v. Lockwood Lumber Co.*, 668 S.W.2d 813, 814 (Tex. App.— Houston [14th Dist.] 1984, writ ref'd n.r.e.). A wrongful foreclosure "cause of action for any deficiency exists on the date of foreclosure." *Trunkhill Capital, Inc. v. Jansma*, 905 S.W.2d 464, 468 (Tex. App.— Waco 1995, writ denied). The Pinedas admit the property was foreclosed upon and sold at auction to a third party "on or about November 7, 2006." Dkt. 1, Ex. A at 48. Any cause of action for wrongful foreclosure accrued at this time. The Pinedas filed a petition in state court on November 6, 2008, but service was not effectuated until January 10, 2012, when the Pinedas served Defendants with the second amended original petition. Defendants argue the Pinedas did not exercise diligence in their efforts to serve them. Additionally, Defendants contend the Pinedas asserted no claims against defendant Bank of America until the Pinedas' second amended petition was filed on December 16, 2011, more than five years after the statute of limitations began to run.

Texas case law states "[t]he mere filing of a suit will not interrupt or toll the statute of limitations; a plaintiff must exercise reasonable diligence in procuring the issuance and service of citation in order to interrupt the statute." *Webster v. Thomas*, 5 S.W.3d 287, 289 (Tex. App.— Houston [14th Dist.] 1999, no pet.) (citing *Butler v. Ross*, 836 S.W.2d 833, 835 (Tex. App.— Houston [1st Dist.] 1992, no writ) (citations omitted)). Due diligence in serving a defendant is

3

"determined by looking at the time taken and the effort expended in procuring service." *Carter v. MacFadyen*, 93 S.W.3d 307, 313 (Tex. App.— Houston [14th Dist.] 2002, pet. denied) (citing *Webster*, 5 S.W.3d at 289-90)). "[I]f the lapse of time and the plaintiff's acts are such as conclusively negate diligence, a lack of diligence will be found as a matter of law." *Perry v. Kroger Stores, Store No. 119*, 741 S.W.2d 533, 534 (Tex. App.— Dallas 1987, no writ). In this case, "the question of due diligence can be answered by looking at (1) the time taken to procure citation and/or service and (2) the type of effort or lack of effort the plaintiff expended in procuring service." *Webster*, 5 S.W.3d at 289.

Countrywide has a registered agent on file with the Texas Secretary of State. However, the Pinedas did not timely serve Countrywide. Successful service on Defendants did not occur until January 10, 2012. Based on the lack of recorded efforts to serve Defendants within the four-year statute of limitations, notwithstanding the availability of information regarding Countrywide's registered agent with the Texas Secretary of State, the Pinedas failed to exercise due diligence in their attempts to serve Defendants. Moreover, the record supports Defendants' claim that Bank of America was not added as a defendant to the suit until the second amended petition was filed on December 16, 2011. Furthermore, the Pinedas failed to assert an independent claim for which relief can be granted against Bank of America, stating only that Bank of America is successor in interest to Countrywide Home Loans, L.P. Therefore, the court finds the Pinedas' claims against both Countrywide and Bank of America are barred by the statute of limitations. Consequently, it is unnecessary to analyze Defendants' argument that the Pinedas failed to adequately plead the elements of a wrongful foreclosure claim.

### III. CONCLUSION

Defendants' motion to dismiss with prejudice is GRANTED. The Pinedas' claims are therefore DISMISSED WITH PREJUDICE.

It is so ORDERED.

Signed at Houston, Texas on June 6, 2012.

_____
Gray H. Miller
United States District Judge